IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| HORMEL FOODS CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>CRYSTAL DISTRIBUTION SERVICES, INC.,<br><br>Defendant. | No. C09-2011<br><br>RULING ON MOTIONS FOR LEAVE TO FILE |

## TABLE OF CONTENTS

I.   INTRODUCTION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . 2

III. DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
     A.   *Motion for Leave to Amend Answer* . . . . . . . . . . . . . . . 3
     B.   *Motion for Leave to File Motion to Dismiss* . . . . . . . . . . . 6
     C.   *Summary* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

IV.  ORDER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## I. INTRODUCTION

On the 7th day of February, 2012, this matter came on for telephonic hearing on the Motion for Leave to Amend Its Answer (docket number 63) and the Motion for Leave to File Motion to Dismiss (docket number 64), both filed by the Defendant on January 17, 2012. Plaintiff was represented by its attorneys, Jacob D. Bylund and Ryan P. Howell. Defendant was represented by its attorneys, Jason M. Steffens, John F. Horvath, and Rosemary Guadnolo.

## II. PROCEDURAL HISTORY

On February 23, 2009, nearly three years ago, Plaintiff Hormel Foods Corporation ("Hormel") filed a complaint seeking judgment from Defendant Crystal Distribution Services, Inc. ("Crystal"). Hormel's claims arise from the loss of food products – owned by Hormel and stored by Crystal – in a flood in June 2008. On March 20, 2009, Crystal filed an answer and counterclaim, seeking reimbursement for the cost of disposing of the ruined products. Hormel answered the counterclaim on April 8, 2009.

On June 2, 2009, the Court adopted a proposed Scheduling Order and Discovery Plan submitted by the parties. Among other things, the parties agreed to a September 1, 2009 pleadings deadline, a March 1, 2010 deadline for completion of discovery, a dispositive motions deadline of April 1, 2010, and an August 1, 2010 trial ready date. At the parties' request, the last three deadlines were later extended for one month and, following a second request by the parties, were then extended for another month. In the Court's second Order, dated March 23, 2010, the parties were advised that *"[n]o further extensions will be granted."*

On June 1, 2010, both parties timely filed motions for summary judgment. On May 27, 2011, Judge Edward J. McManus denied Hormel's motion for partial summary judgment and granted, in part, Crystal's motion for summary judgment. Judge McManus ordered, among other things, that Crystal's motion for summary judgment was "granted as to the inapplicability of the collateral source rule."[1] Judge McManus concluded that application of the collateral source rule "would contravene the compensatory principle of damages in contract actions, by permitting a damage award to the nonbreaching party in excess of that necessary to compensate it for the claimed breach."[2]

Following the Court's ruling on the parties' motions for summary judgment, the matter was set for trial on October 11, 2011. Shortly after that time, however, the case

---

[1] Order (docket number 49) at 14.

[2] *Id.* at 13.

was referred to the undersigned magistrate judge with the consent of both parties. The Court granted Hormel's unresisted motion to continue, and the trial was rescheduled on January 23, 2012. On December 19, 2011, Crystal filed a motion to continue, citing personal reasons of counsel. Hormel consented to the motion and the trial was continued to April 9, 2012.

On January 17, 2012, nearly three years after the commencement of this action, Crystal filed the instant motions. Crystal asks that it be permitted to file a motion to dismiss pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1), and that it be permitted to amend its answer to assert an additional defense that Hormel "lacks standing to seek recovery for damages for which Hormel has been compensated by its insurers."

### III. DISCUSSION

#### A. Motion for Leave to Amend Answer

First, Crystal asks that it be permitted to amend its answer "to add as an additional defense that plaintiff Hormel Foods Corporation lacks standing to seek recovery for damages for which Hormel has been compensated by its insurers."[3] It would appear from the Court's review of Crystal's answer (docket number 6) and its proposed amended answer (docket number 63-3) that Crystal asks to add a single sentence:

> Plaintiff lacks standing to prosecute that portion of its claim that seeks to recover from defendant any amounts paid to plaintiff by its insurers.

Proposed Amended Answer, Affirmative Defenses, and Counterclaims (docket number 63-3) at 7.

Except when amending its pleadings "as a matter of course," as defined in FEDERAL RULE OF CIVIL PROCEDURE 15(a)(1), a party may amend its pleadings "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Crystal is not entitled to amend its answer "as a matter of course" and Hormel does not consent to Crystal's proposed amendment. Accordingly, Crystal seeks leave of the Court to amend

---

[3] Crystal's Motion for Leave to Amend (docket number 63) at 3.

3

its answer. Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." The United States Supreme Court has made it clear that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). A party does not, however, have an absolute or automatic right to amend. *See United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005).

Balanced against the liberal amendment policy of Rule 15(a) is the court's interest in enforcing its scheduling orders. Here, the Court established a September 1, 2009 deadline for motions to amend pleadings. Scheduling orders may be modified only for "good cause." FED. R. CIV. P. 16(b)(4). *See also* Local Rule 16.f ("The deadlines established by the Rule 16(b) and 26(f) scheduling order and discovery plan will be extended only upon written motion and a showing of good cause.").

"The interplay between Rule 15(a) and Rule 16(b) is settled in this circuit." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). That is, notwithstanding the liberal amendment provisions found in the FEDERAL RULES OF CIVIL PROCEDURE, "[i]f a party files for leave to amend outside of the court's scheduling order, the party must show good cause to modify the schedule." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).

> Rule 16(b)'s good-cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a).

*Sherman*, 532 F.3d at 716 (citing *Popoalii*); *see also In re Milk Prod. Antitrust Litig.*, 195 F.3d 430, 437-38 (8th Cir. 1999) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.") (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)).

In an effort to establish good cause to amend its answer more than two years after the deadline for amending the pleadings has expired, Crystal asserts that "some time" after the court ruled on the motions for summary judgment, "Hormel, for the first time, advised

4

that it intended to seek recovery not only for its alleged damages that were not reimbursed by its insurers, but also to seek recovery, on behalf of its insurers, for the amount paid by the insurers to Hormel."[4] Hormel argues that this claim is "simply not credible," noting that it stated the full amount of its claimed damages in its initial disclosures on June 29, 2009, and that Crystal has been provided with information regarding the insurance claim.[5] The Court agrees with Hormel.

Hormel filed its complaint on February 23, 2009, seeking damages for food products destroyed in the flood of June 2008. On June 29, 2009, Hormel served Crystal with its initial disclosures pursuant to FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1).[6] Among other things, Hormel stated that "[t]he amount of damages claimed is $4,086,727, plus interest and the cost of this proceeding."[7] On November 4, 2009, Hormel responded to Crystal's interrogatories. Hormel identified four insurance policies that "are or may be available to satisfy, indemnify or reimburse [Hormel] for all or part of the damages [Hormel] claim[s] in this action."[8] Thus, Crystal has known for more than two years that Hormel is claiming damages in excess of $4 million, notwithstanding the fact that it was reimbursed by insurers for part of the loss.

Now, Crystal claims that it recently learned "for the first time" that Hormel is seeking to recover damages for the amounts paid by the insurers. While Crystal may have thought that Judge McManus' ruling on its motion for summary judgment resolved this issue, and only recently discovered that Hormel is persisting in its belief that it is entitled

---

[4] *Id.* at 2, ¶ 6.

[5] *See* Hormel's Resistance to Motion for Leave to Amend (docket number 65) at 7, n.3.

[6] A copy of Hormel's initial disclosures was attached to Crystal's motion for leave to amend as Exhibit 1. *See* docket number 63-1.

[7] Hormel's Initial Disclosures (docket number 63-1) at 4.

[8] Hormel's Answers to Interrogatories (docket number 63-2) at 25.

to recover the full amount of the loss, Crystal knew early on that Hormel is asserting a claim for the full damages. The Court concludes that Crystal has not shown good cause for failing to comply with the pleadings deadline established in the Scheduling Order. Even if a short extension of the deadline was otherwise appropriate, the Court concludes that Crystal's motion for leave to amend on the eve of trial is not timely. It will be denied for that reason.[9]

### B. Motion for Leave to File Motion to Dismiss

Next, Crystal asks that it be permitted to file a motion to dismiss. Crystal's proposed motion to dismiss (attached to the instant motion as Exhibit 3) asserts that Hormel "has no standing to seek damages for which Hormel was compensated by its insurers."[10] Crystal argues that because Hormel has no standing to seek damages for which it was reimbursed, the Court lacks subject matter jurisdiction over that portion of Hormel's claim. *See Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002) ("If a plaintiff lacks standing, the district court has no subject matter jurisdiction."). This argument is not subject to the timeliness complaint raised in response to the motion for leave to amend. *See GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004) ("Any party or the court may, at any time, raise the issue of subject matter jurisdiction.").

It is first necessary to determine the nature of Crystal's claim. In its motion for leave to file a motion to dismiss, Crystal asserts that "Hormel is the real party in interest as to the amount (alleged to be $1,000,000.00) for which it was not reimbursed by its

---

[9] The Court also notes that the proposed amendment would be futile, and may be denied for that reason. *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005) ("Futility is a valid basis for denying leave to amend."). The proposed amendment asserts that Hormel "lacks standing" to prosecute a claim for reimbursed losses. As set forth below, the Court concludes that Crystal's standing argument fails.

[10] Crystal's Memorandum in Support of Its Motion to Dismiss (docket number 64-4) at 1.

insurers," but further asserts that "the insurers are the real parties in interest" as to the amounts that they paid Hormel.[11] In its one-page brief filed in support of its motion, however, Crystal asserts that Hormel "lacks standing to seek damages for which plaintiff has been compensated by its insurers."[12] The proposed motion to dismiss, which is attached to the instant motion as Exhibit 3, again states that while Hormel is the "real party in interest" for the amount which was not reimbursed by its insurers, the insurers are the real parties in interest as to the amounts that they paid Hormel.[13] In its memorandum of law filed in support of its proposed motion to dismiss, however, Crystal argues that Hormel "lacks standing."[14] In its response, Hormel argues that it "has standing to bring this action as the real party in interest."[15] In its reply, however, Crystal asserts that "the issue is one of standing, not real party in interest."[16] As noted by Crystal in its reply, "[t]he concepts of standing and of real party in interest are distinct."[17] *See Curtis Lumber Co., Inc. v. La. Pac. Corp.*, 618 F.3d 762, 770 n.2 (8th Cir. 2010) (noting that standing and real party in interest are "distinct concepts"). Here, Crystal argues that "the issue is one of standing," thus implicating subject matter jurisdiction.

"Standing is a threshold inquiry and jurisdictional prerequisite that must be resolved before reaching the merits of a suit." *Curtis Lumber*, 618 F.3d at 770 (quoting *Medalie v. Bayer Corp.*, 510 F.3d 828, 829 (8th Cir. 2007)). To establish Article III standing, there must be "(1) an injury in fact, (2) a causal connection between that injury and the

---

[11] Crystal's Motion for Leave to File Motion to Dismiss (docket number 64) at 2, ¶ 7.

[12] Crystal's Brief in Support of Motion for Leave to File (docket number 64-5) at 1.

[13] Crystal's Proposed Motion to Dismiss (docket number 64-3) at 2, ¶ 7.

[14] Crystal's Memorandum of Law (docket number 64-4) at 4.

[15] Hormel's Response (docket number 66) at 5.

[16] Crystal's Reply (docket number 68) at 2.

[17] *Id.*

7

challenged conduct, and (3) a likelihood that a favorable decision by the court will redress the alleged injury." *Wilkinson v. United States*, 440 F.3d 970, 977 (8th Cir. 2006). *See also Sierra Club v. United States Army Corps of Eng'rs*, 645 F.3d 978, 985-86 (8th Cir. 2011) (same). Hormel has the burden of establishing these elements. *Wilkinson*, 440 F.3d at 977. Here, it is undisputed that food products belonging to Hormel were ruined when flood water entered Crystal's warehouse in June 2008. Hormel asserts that its property loss was caused by Crystal's breach of the warehouse agreement. Furthermore, the loss suffered by Hormel would be "redressed" by a favorable decision of the Court. Accordingly, Hormel has established all of the necessary elements to have standing.

Crystal concedes that Hormel had standing to pursue recovery of its losses immediately following the flood. According to Crystal's argument, however, Hormel lost standing on part of its claim as soon as it was reimbursed by its insurers. However, Crystal is unable to cite one case in which a party with standing to sue loses that standing following partial reimbursement by insurance. Instead, a real party in interest analysis is used when considering the right to sue in cases where payment is made by insurers with a right to subrogation. *See generally*, 4 *Moore's Federal Practice*, § 17.11[3] (Matthew Bender 3d Ed.).

The decision in *Curtis Lumber* is instructive. There, a lumber retailer brought an action against a manufacturer for injuries sustained by the retailer and, arguably, for claims by the retailer's customers. The defendant argued that the retailer lacked standing and was not the real party in interest. In rejecting the defendant's standing argument, the Eighth Circuit noted that Curtis Lumber had distinct injuries apart from those which were allegedly attributable to its customers.

> These injuries are actual, particularized to Curtis Lumber, traceable to LP's acts, and redressable by a verdict in Curtis Lumber's favor. As such, the standing requirements are satisfied.

*Curtis Lumber*, 618 F.3d at 770 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

8

The defendant argued that Curtis Lumber lacked standing because it voluntarily paid rebates to its customers, which were allegedly owed by the defendant. The Court concluded that this was not an issue which invoked standing.

> We decline LP's invitation to use the principle of constitutional standing to enforce Arkansas's voluntary payment rule. Whether Curtis Lumber can recover the rebates it paid to customers is a question better left to the applicable substantive law.

*Id.* at 771.[18] Similarly, a dispute regarding the real party in interest is a matter of substantive state law, not constitutional standing. *Iowa Public Serv. Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 404 (8th Cir. 1977) ("The 'real party in interest' is the person who, under governing substantive law, is entitled to enforce the right asserted, and in a diversity case, the governing substantive law is ordinarily state law.").

Turning to the facts in this case, Crystal concedes that Hormel has standing to bring an action for its unreimbursed losses. Whether Hormel may recover for losses paid by insurance is not a matter of constitutional standing, but requires a determination of whether Hormel is the real party in interest for the losses paid by insurance, and the consequences flowing from the inapplicability of the collateral source rule. This requires an analysis of Iowa substantive law; Crystal's constitutional standing argument fails. Because the proposed motion to dismiss lacks merit, the motion for leave to file the motion to dismiss will be denied.

### C. Summary

In summary, the Court finds that Crystal's motion for leave to amend its answer is not timely filed and will be denied for that reason. The Court further concludes that Crystal's proposed motion to dismiss – asserting that Hormel lacks standing to pursue a

---

[18] The Court notes parenthetically that the Eighth Circuit also found Curtis Lumber to be the real party in interest. 618 F.3d at 771.

claim for reimbursed losses – is without merit. Accordingly, the motion for leave to file the proposed motion to dismiss will be denied.

The Court's ruling on these motions does not, however, resolve the fighting issue. That is, can Hormel recover those losses which were reimbursed by insurance? Stated otherwise: Can a plaintiff in a contract action, which has been partially reimbursed for its loss by insurance, recover the full amount of the damages when the insurer has a right to subrogation?

In his ruling on Crystal's motion to suppress, Judge McManus dismissed Hormel's tort claim (Count IV) and held the collateral source rule is inapplicable to Hormel's remaining contract claims. Crystal asserts that as a matter of substantive law, Hormel is thus precluded from recovering any damages already paid by insurance. Hormel argues, however, that while Crystal may introduce evidence of payments by Hormel's insurers, the jury should be instructed that Hormel may nonetheless recover those amounts subject to subrogation.

Hormel confidently asserts that it is the real party in interest, citing a host of Iowa *tort* cases. Crystal is just as confident that because the collateral source rule does not apply in contract actions, Hormel's recovery is limited to unreimbursed losses. At the time of hearing, neither party cited any case which addresses this issue in a *contract* action, and the Court has found none.[19] At some point – either at the instructions stage at trial or by appropriate pretrial motion – this issue must be resolved.

---

[19] It is unusual for a plaintiff in a breach of contract case to have been reimbursed by its insurer for losses allegedly suffered as a result of the defendant's breach of contract. Nonetheless, it is surprising that this issue has not been previously addressed. In a post-hearing supplemental brief, Crystal cites a Sixth Circuit case which it believes is applicable. Because the issue is not properly raised in the instant motions, however, the Court will not address the issue at this time. In its post-hearing brief, Hormel argues for the first time that Crystal has waived any real party in interest claim.

## IV. ORDER

IT IS THEREFORE ORDERED that the Motion for Leave to Amend Its Answer (docket number 63) and the Motion for Leave to File Motion to Dismiss (docket number 64) filed by the Defendant are hereby **DENIED**.

DATED this 10th day of February, 2012.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA